UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at WINCHESTER

THOMAS J. KING, )
      )
   *Plaintiff,* )
v. ) No. 4:08-CV-36
      ) Mattice/Lee
TIM FULLER; DALE HESKETH; LYNN )
BARKER; DON EARLE; LARRY )
DAVIS; PAUL HIRJACK; PAUL LAYMON; )
GREGG L. SULLIVAN, )
      )
   *Defendants.* )

## MEMORANDUM AND ORDER

The Court has received a *pro se* prisoner's civil rights complaint filed under 42 U.S.C. § 1983, and an application to proceed *in forma pauperis* filed by Plaintiff Thomas J. King ("King"). Mary E. King ("Ms. King"), a non-prisoner, signed the complaint, identifying herself as a plaintiff, but she neither paid her portion of the $350.00 filing fee nor submitted an *informa pauperis* application.

Thereafter, the Court ordered Ms. King to pay her portion of the filing fee, *i.e.*, $175.00, or complete the *in forma pauperis* application and file it with the Court. Ms. King was further notified that her failure to pay her portion of the filing fee or file a properly completed *in forma pauperis* application would result in her being excluded as a plaintiff in this lawsuit. Ms. King has not filed a properly completed *in forma pauperis* application, as the application reflects that she pays monthly bills but she has failed to indicate the source or amount of her monthly income. The Court, therefore, concludes that Ms. King's failure to include the amount or source of any income has rendered her *in forma pauperis* application incomplete, and her application for *in forma pauperis* status will be **DENIED**.

Consequently, the Court will treat this complaint as filed solely by Thomas J. King ("King" or "Plaintiff") since he is the only plaintiff who has filed a properly completed *in forma pauperis* application.[1]

I.  **APPLICATION TO PROCEED IN FORMA PAUPERIS**

It appears from the application to proceed *in forma pauperis* submitted by King that he lacks sufficient financial resources at the present time to pay the required filing fee of $350.00. King is not relieved, however, of the ultimate responsibility of paying the $350.00 filing fee. Since King is an inmate or prisoner in custody at FCI-Butner (Low), in Butner, North Carolina, he will be **ASSESSED** the civil filing fee of $350.00 under the Prisoner Litigation Reform Act, Pub. L. 104-134, 110 Stat. 1321, codified in 28 U.S.C. § 1915.

Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of King's inmate trust account at the institution where he now resides shall submit to the Clerk, United States District Court, 900 Georgia Avenue, Room 309, Chattanooga, Tennessee 37402, as an initial partial payment, whichever is the greater of

- (a) twenty percent (20%) of the average monthly deposits to King's inmate trust account; or

- (b) twenty percent (20%) of the average monthly balance in King's inmate trust account for the six-month period preceding the filing of the complaint.

---

[1] The Court observes however, that even if the complaint were treated as having been filed by both parties, the analysis and disposition of this complaint would also apply to Ms. King's claims.

Thereafter, the custodian shall submit twenty percent (20%) of King's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee of $350.00 as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk of Court will be **DIRECTED** to send a copy of this Memorandum and Order to the Warden of FCI-Butner (Low), the Trust Fund Officer of FCI-Butner, and the Commissioner of the Bureau of Prisons to ensure the custodian of King's inmate trust account complies with the portion of the Prison Litigation Reform Act relating to payment of the filing fee.

The agency having custody of King **SHALL** collect the filing fee as funds become available. This Order shall become a part of inmate King's file and follow the inmate if he is transferred to another institution. The agency having custody of the plaintiff shall continue to collect monthly payments from plaintiff's prisoner account until the entire filing fee of $350.00 is paid.

The plaintiff will also be **ORDERED** to provide the prison officials at any new institution with a copy of this order. Failure of the plaintiff to notify the new prison officials of this order and outstanding debt will result in the imposition of appropriate sanctions against plaintiff, without any additional notice or hearing by the Court.

II. **SCREENING PURSUANT TO 28 U.S.C. §§ 1915A AND 1915(E)**

The Court screens the complaint pursuant to 28 U.S.C. § 1915A and § 1915(e). Furthermore, 28 U.S.C. § 1915(e)(2) provides that the Court must dismiss a case at any

time if the Court determines that it is frivolous or fails to state a claim upon which relief can be granted. *See McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997).

## III. PROCEDURAL HISTORY

In 1995, King was convicted by a jury of engaging in a continuing criminal enterprise in violation of 21 U.S.C. § 848 (and of various other criminal offenses) and sentenced to a total of 262 months incarceration. *United States v. Thomas J. King, et. al*, No. 1:94-cr-36 (E.D. Tenn.). King's convictions were affirmed on appeal. *United States v. King*, 169 F.3d 1035 (6th Cir.), *cert. denied*, 528 U.S. 892 (1999). King then filed a motion under 28 U.S.C. § 2255 to vacate or set aside his convictions, which was denied on October 29, 2004. *King v. United States*, No. 1:00-cv-348 (E.D. Tenn. 2004). The Court's denial of the § 2255 motion was affirmed on appeal. *King v. United States*, No. 05-5212, (6th Cir. Oct. 14, 2005).

While his § 2255 motion was pending in the District Court, King filed a complaint, pursuant to 42 U.S.C. § 1983, against various state and federal officials involved in the federal criminal prosecution of him. The complaint was dismissed for failure to state a claim under the doctrine of *Heck v. Humphrey*, 512 U.S. 477 (1994), on January 5, 2005.

## IV. ANALYSIS

Because King is a federal prisoner, and because the defendants are various state and federal officials involved in the federal criminal prosecution of King, the Court construes his claims against the federal defendants as an action under *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971).[2] This characterization makes no difference to the

---

[2] *Bivens* established that a federal agent's unconstitutional conduct while acting under color of his authority gives rise to a cause of action for damages.

-4-

Court's analysis, however, since a *Bivens* action is analogous to an action under § 1983 and since the decisional law developed under § 1983 generally applies to *Bivens*-type actions. *See Carlson v. Green*, 446 U.S. 14, 21-22 (1980); *Butz v. Economou*, 438 U.S. 478, 504 (1978).

In the instant complaint[3] King claims a warrant was served at his Trussell Road residence on August 24, 1993, but a copy of the warrant was not left at the residence or given to the occupants. During his criminal proceeding, only two warrants were produced during discovery. King asserts that although one of the warrants purported to be the one used to search his Trussell Road residence, it, in fact, was not, and neither of the warrants produced during discovery was the warrant executed on the Trussell Road residence.

According to King, the government based its prosecution of Ms. King on documents that the government claimed were found in her home but which were, in fact, found in King's home. Although King has not provided any credible proof, he claims he was able to obtain a copy of the Trussell Road warrant (which he has not filed with the Court) under the Freedom of Information Act and he claims the warrant demonstrates the documents the government argued had been found in Ms. King's home, thus tying her to the conspiracy, had instead been found in King's home, and all testimony regarding the documents was false.

In addition, King specifically alleges that the defendants withheld exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963) and impeachment evidence

---

[3] King filed a complaint and included several supplemental documents. Thus, the Court uses the term "complaint" and when referring to the complaint and the supplemental documents.

in violation of *Giglio v. United States*, 405 U.S. 150 (1972). King also alleges due process and Fourth Amendment violations during his criminal proceedings.

King made the identical allegations against the same defendants in a 2004 complaint.[4] *See King v. Fuller, et. al,* No. 4:04-cv-80 (E.D. Tenn. January 5, 2005). It appears that the instant complaint is copied almost word-for-word from the 2004 complaint. Both the previously dismissed complaint and the instant complaint identify the same defendants, are based on the same allegations, and arise out of the same 1995 criminal prosecution of King. In both complaints, King alleges that the defendants withheld exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963) and impeachment evidence in violation of *Giglio v. United States*, 405 U.S. 150 (1972). King also alleges due process and Fourth Amendment violations during his criminal proceedings in both complaints. The Court dismissed the earlier case for failure to state a claim under the doctrine of *Heck v. Humphrey*, 512 U.S. 477 (1994),[5] because King's criminal convictions had not been vacated or otherwise set aside at that time. *See King v. Fuller, et. al,* No. 4:04-cv-80 (E.D. Tenn. January 5, 2005).

Neither the factual nor legal landscape has changed since that earlier dismissal—King has not demonstrated that his convictions and sentence have been set

---

[4] The 2004 complaint included the same supplemental documents filed in the instant case. Thus, the Court uses the term "complaint" when referring to the complaint and supplemental documents.

[5] In *Heck*, the Supreme Court held that "in order to recover damages for an alleged unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-87. *See Robinson v. Jones*, 142 F.3d 905, 906-907 (6th Cir. 1998) ("While *Heck* concerned an action brought under 42 U.S.C. § 1983, we adopt the rule espoused by the Fifth and Eleventh Circuits that the *Heck* holding applies equally to an action brought under *Bivens*.")

aside, and the *Heck* doctrine remains as a bar to an adjudication of his section 1983 or *Bivens* claims arising out of the alleged unconstitutional activities that resulted in his criminal conviction.[6] Under these circumstances, this case is clearly duplicative of the prior one brought by King, No. 4:04-cv-80.

Finally, given the clearly repetitive nature of King's claims, the Court concludes that this suit is frivolous. At least two United States Circuit Courts of Appeal have deemed such duplicative actions "frivolous" under the provision of 28 U.S.C. § 1915(e)(2) (former 28 U.S.C. § 1915(d)). *See Childs v. Ortiz*, 223 Fed.Appx. 804 (10th Cir. 2007), *available in* 2007 WL 1241650 ("[R]epetitious litigation of virtually identical causes of action may be dismissed as frivolous under § 1915(e)."); *Bailey v. Johnson*, 846 F.2d 1019 (5th Cir. 1988) ("In ruling on a motion to proceed IFP on appeal, we have dismissed an appeal as frivolous because it involved a duplicative action arising from the same series of events and alleging many of the same facts as an earlier suit, . . . .'" (citations omitted)). By filing yet another action with identical allegations, King has engaged in the type of repetitive and vexatious litigation which the Prison Litigation Reform Act (PLRA) of 1996 was specifically designed to curb.

## V. CONCLUSION

Accordingly, King's complaint will be *sua sponte* **DISMISSED as DUPLICATIVE** of Civil Case No. 4:04-cv-80 and, alternatively, for failure to state a claim upon which relief can be granted, and as frivolous under 28 U.S.C. § 1915(e). *Taylor v. Reynolds*, 22

---

[6] The record in the criminal case and the § 2255 case confirms that the convictions and sentence are valid. *United States v. Thomas J. King, et. al*, Criminal Action No. 1:94-cr-36 (E.D. Tenn.), *aff'd*, 169 F.3d 1035 (6th Cir.), *cert. denied*, 528 U.S. 892 (1999); *King v. United States*, Civil Action No. 1:00-cv-348 (E.D. Tenn. 2004)(§ 2255 motion was denied).

Fed.Appx. 537, *539 (6th Cir. (Tenn.) Nov. 8, 2001), 2001 WL 1450693, ** 2 ("A completely duplicative complaint lacks an arguable basis either in law or in fact. . . . (citing *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) and *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).

A final judgment consistent with this Memorandum and Order shall issue.

SO ORDERED.

                                                  */s/Harry S. Mattice, Jr.*
                                              HARRY S. MATTICE, JR.
                                              UNITED STATES DISTRICT JUDGE